IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES S. LeSANE,

    Petitioner,

v.                                    Civil Action No. 3:08cv247

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a federal prisoner proceeding *pro se*, submitted the current petition for a writ of habeas corpus under 28 U.S.C. § 2241 while he was detained pursuant to a criminal complaint on the charge of possession with intent to distribute fifty (50) grams or more of crack in violation of 21 U.S.C. § 841(a)(1). *United States v. LeSane*, 3:08cr185 (E.D. Va.) (hereinafter "*U.S. v. LeSane*"). In the present petition for a writ of habeas corpus, Petitioner asserts that his rights were violated because he was not indicted in a timely manner. Petitioner unsuccessfully litigated a nearly identical challenge in *U.S. v. LeSane*.[1] Therefore, by Memorandum Order entered on August 5, 2008, the Court directed Petitioner to show cause why the petition for a writ of habeas corpus should not be dismissed

To be eligible for habeas corpus relief under 28 U.S.C. § 2241, a federal pretrial detainee must first exhaust other available remedies. *See, e.g., Jones v. Perkins*, 245 U.S. 390, 391-92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). "[W]here habeas claims raised by a pretrial detainee would be dispositive

---

[1] On July 16, 2008, the Court accepted LeSane's guilty plea in *U.S. v. LeSane*.

of the pending federal criminal charges, principles of federal court efficiency require that the petitioner exhaust those claims by presenting them at trial and then on direct appeal." *Moore v. United States*, 875 F.2d 620, 624 (D. Neb. 1994); *accord Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001); *cf. Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir. 1988) (holding defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145). Because Petitioner has not pursued any appeal concerning his speedy trial challenges, he is precluded from litigating them in his present petition for a writ of habeas corpus. Accordingly, the petition for a writ of habeas corpus will be DENIED and the action will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 9-5-08
Richmond, Virginia

/s/
James R. Spencer
Chief United States District Judge